LOUIS TORTORA, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 21971.)— The Court of Claims has dismissed on the merits a claim against the State made by appellant, a prisoner in Sing Sing Prison. He received serious injuries when a stove, in which he had just kindled a fire, exploded. He was assigned to work in the prison barn and there care for four horses. A small fire house, twelve feet square, in which fire hose was stored, was situate near to the barn. Claimant and another prisoner, by direction of the prison authorities, used this small building as a shelter during the daytime, while they were outside their cells and when there was no work in the barn. It was furnished with a stove for the comfort of the occupants. A few days before September 22, 1929, the stove, which had been used some years, was replaced by another brought from the warden's garage. It was the latter stove which exploded. In the garage it had been coupled up with the water system and was used to heat water. The evidence indicates, but not too clearly, that when brought to the fire house the water front and the inlet and outlet pipes connected therewith were still attached. Each of these pipes was about one and one-half feet long and extended upward from the water front, along the rear of the stove. The explosion occurred within a few minutes after appellant had kindled the fire by lighting paper, light wood and coal. A heating engineer testified that water would remain in the water front until the stove was turned top downward and drained; that the explosion was occasioned by the

* Appointed during 1933, dated *nunc pro tunc* September 20, 1932.— [REP.

generation of steam from the water remaining in the front, the steam being confined because the inlet and outlet pipes were plugged through corrosion of the metal pipes. The State offered no evidence. Having undertaken to furnish this prisoner with heated shelter it was required to furnish reasonably safe agencies. In the present state of the record it appears to have failed in this regard. A new trial should be had, as there is no finding on damages, and with the injuries here disclosed a trial court that may see and hear the witnesses is best fitted to fix damages; also upon a new trial the evidence may be clarified as to the attachment on the stove. Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event. The court reverses findings of fact numbered 11, 24 and 25, contained in the decision, and findings of fact numbered second and third in the State's requests to find; and disapproves the conclusions of law contained in the decision and in the State's requests to find. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.